UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fair Wind Sailing, Inc.,

        Plaintiff,

v.

 Timothy McKenna,

        Defendants.

_____/

Case No.  12-15369

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO REMAND [3]; ORDER DENYING PLAINTIFF'S MOTION FOR COSTS [11]

Before the Court are Plaintiff's Emergency Motion to Remand [3], filed on December 18, 2012, and Plaintiff's Motion for Costs [11], filed on January 18, 2013.

On January 18, 2013, the Court held a conference with all parties regarding Plaintiff's Motion to Remand [3].

On October 30, 2012, Plaintiff filed its complaint in the Circuit Court for the County of Oakland. Defendant timely removed Plaintiff's complaint to this Court on December 6, 2012 [1]. In this Notice of Removal, Defendant claims that this Court has diversity jurisdiction over this case, pursuant to 28 U.S.C. §1446(c).

In the case of removal, the removing party must show "by a preponderance of the evidence" that the amount in controversy requirement is satisfied. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009). It must be "more likely than not" that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Defendant has not made a sufficient showing that the case meets

the amount in controversy required by 28 U.S.C. §1446(c) and 28 U.S.C. §1332(a). Therefore, this Court does not have subject matter jurisdiction over this case.

In its Motion for Costs [11], Plaintiff requests costs and fees, pursuant to 28 U.S.C. §1447(c). The statute "assigns the district court the discretion whether to award attorney fees and costs." *Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 258 (6th Cir. 1997). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because Defendant had some reasonable basis for removal, Plaintiff's request for fees and costs is denied.

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Remand [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs [11] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
SENIOR UNITED STATES DISTRICT JUDGE

DATED: January 28, 2013